IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.

**WANDA RIZZUTO;**

    Plaintiff,

v.

**WILLIAM SLAYTON;
LIBERTY TRUCK AND TRAILER LEASING & SALES, L.L.C.;
and MELTON TRUCK LINES, INC.**

    Defendants.

---

### NOTICE OF REMOVAL

---

Defendants William Slayton, Liberty Truck and Trailer Leasing & Sales, L.L.C., and Melton Truck Lines, Inc., by and through their attorney Lance G. Eberhart of Hall & Evans, L.L.C., hereby remove civil action number 2008CV863, captioned "Wanda Rizzuto v. William Slayton; Liberty Truck and Trailer Leasing & Sales, L.L.C.; and Melton Truck Lines, Inc." from the District Court for the 20th Judicial District of Boulder County, Sate of Colorado to the United States District Court for the District of Colorado. As grounds therefore, Defendants state:

    1.    Any civil action of which the District Courts of the United States have original jurisdiction may be removed from a state court to a federal court. 28 U.S.C. § 1441 (a). The District Courts of the United States have original jurisdiction of all actions between the citizens of different states when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332 (a)(1),

2. The present action is between citizens of different states. Plaintiff Wanda Rizzuto is a citizen of the State of Colorado (See Complaint at Paragraph 1).[1] Defendant William Slayton is a resident of Texas (See Complaint at Paragraph 2). Defendant Liberty Truck and Trailer Leasing & Sales, L.L.C. is an Oklahoma Corporation with its principle place of business in Oklahoma (See Complaint at Paragraph 3) and, therefore, Liberty Truck and Trailer Leasing & Sales L.L.C. is a resident of the State of Oklahoma. 28 U.S.C. § 1332 (c)(1). Defendant Melton Truck Lines was an Oklahoma Corporation with its principle place of business in Oklahoma. Melton Truck Lines is therefore a citizen of the State of Oklahoma 28 U.S.C. §1332 (c)(1).

3. The amount in controversy also exceeds $75,000.00. Plaintiff asserts that she is seeking a monetary judgment for more that $100,000.00. (See District Court Civil Case Cover Sheet for Initial Pleading of Complaint.[2] See also the caption of the Complaint.) Assuming Plaintiff could prove all of the allegations of her Complaint and that Defendants have no defenses, Plaintiff could be expected to recover an amount exceeding $75,000.00. McCraw v. Lions, 863 F. Supp. 430, 464 WDAY 1994; Garza v. Bettcher Industires, Inc., 752 F. Supp. 753, 763 (Ed. Mich. 1990).

4. Pursuant to 28 U.S.C. §1446 (d), a copy of this notice of removal has been filed with the Clerk of Boulder District Court in Civil Action Number 2008CV863. Also, pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal has been sent electronically to Cornell Johnson of The Law Office of Cornell Johnson, P.C., attorney for Plaintiff Wanda Rizzuto.

---

[1] A copy of the Complaint is included in the set of state court pleadings attached hereto.
[2] A copy of the Civil Cover is included in the set of state court pleadings attached hereto.

5. Pursuant to D.C. Colo. LR 81.1 and 28 U.S.C. §1446 (a), attached are the following copies of all pleadings, Motions, Order and other papers filed in Civil Action 2008CV863 in the District Court of Boulder County, Colorado:

    a. Complaint (attached as **Exhibit A**)

    b. Civil Cover (attached as **Exhibit B**)

6. Trial of this matter has not been set.

WHEREFORE, pursuant to this Notice of Removal in 28 U.S.C. §1441 Defendants William Slayton, Liberty Truck and Trailer Leasing & Sales, L.L.C., and Melton Truck Lines, Inc. respectfully request that this case be removed from the District Court of Boulder County Colorado, and that this Court take jurisdiction of and enter such further orders as may be necessary and proper for the continuation of this action.

DATED this 15th day of September, 2008.

Respectfully submitted,

s/ Lance G. Eberhart
Lance G. Eberhart, Esq.
Hall & Evans, L.L.C.
1125 Seventeenth Street, Suite 600
Denver, Colorado 80202
Telephone: 303-628-3407
Fax: 303-628-3368
E-Mail: eberhartl@hallevans.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on 15th day of September, 2008, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Cornell Johnson
The Law Office of Cornell Johnson, P.C.
999 Eighteenth Street, Suite 3000 South
Denver, Colorado 80202

                                         s/ Caroline Villegas
                                         Paralegal to Lance G. Eberhart, Esq.
                                         Hall & Evans, L.L.C.
                                         1125 Seventeenth Street, Suite 600
                                         Denver, Colorado 80202
                                         Telephone: 303-628-3407
                                         Fax: 303-628-3368
                                         E-Mail: eberhartl@hallevans.com
                                         Attorneys for Defendants

# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT FOR THE 20th JUDICIAL DISTRICT BOULDER COUNTY, STATE OF COLORADO<br><br>Court Address:  Boulder Justice Center<br>1777 6th Street<br>Boulder, Colorado 80302<br><br>Phone Number:  (303) 441-3750 | EFILED Document<br>CO Boulder County District Court 20th JD<br>Filing Date: Aug 13 2008 11:00AM MDT<br>Filing ID: 20589676<br>Review Clerk: Debra Crosser |
| Plaintiff: **WANDA RIZZUTO**<br><br>vs.<br><br>Defendants: **WILLIAM SLAYTON, LIBERTY TRUCK AND TRAILER LEASING & SALES, LLC, and MELTON TRUCK LINES, INC.** | ▲ Court Use Only ▲ |
| Cornell Johnson, Atty. Reg. No.: 34449<br>The Law Office of Cornell Johnson, P.C.<br>999 18th Street, Suite 3000 South<br>Denver, Colorado 80202<br>*Attorneys for Plaintiff*<br><br>Phone Number: (303) 226-5656<br>Fax Number:    (303) 856-3736<br>E-mail address:  cjohnson@denverslawyer.com | Case Number:<br><br><br>Division: |
| **COMPLAINT** ||

**COMES NOW** Plaintiff Wanda Rizzuto by and through her undersigned counsel, The Law Office of Cornell Johnson, P.C., and as her Complaint against Defendants William Slayton, Liberty Truck and Trailer Leasing & Sales, LLC, and Melton Truck Lines, Inc., states and alleges as follows:

### PURSUANT TO C.R.C.P. 16.1

Plaintiff Wanda Rizzuto discussed with her counsel the option and potential benefit of Rule 16.1. Plaintiff's counsel and Plaintiff Wanda Rizzuto believe that the application of the simplified procedure would not further the interest of a just, speedy and inexpensive determination of this action.

Therefore, Plaintiff Wanda Rizzuto opts out of the simplified procedures set forth in C.R.C.P. 16.1.

## GENERAL ALLEGATIONS

1. At all times relevant to this action, Plaintiff Wanda Rizzuto was a resident of Arvada, Colorado.

2. Upon information and belief, at all times relevant to this action, Defendant William Slayton was a resident of El Paso, Texas.

3. Upon information and belief, at all times relevant to this action, Defendant Liberty Truck and Trailer Leasing & Sales, LLC, was an Oklahoma corporation with its principal office located at 808 North 161st East Avenue, Tulsa, Oklahoma.

4. Upon information and belief, at all times relevant to this action, Defendant Melton Truck Lines, Inc., was an Oklahoma corporation with its principal office located at 808 North 161st East Avenue, Tulsa, Oklahoma.

5. Defendants William Slayton, Liberty Truck and Trailer Leasing & Sales, LLC, and Melton Truck Lines, Inc., are non-residents of the State of Colorado. When a Defendant is a non-resident of the State of Colorado, an action in tort may be tried in the county designated in the Complaint. Pursuant to C.R.C.P. 98(c)(1), venue is proper in the District Court of Boulder County Colorado.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 5 of this Complaint as if set forth *verbatim*.

7. On or about August 20, 2005, at approximately 5:42 p.m., Plaintiff Wanda Rizzuto was driving her 1999 Ford Expedition, license plate number 802BJE, vehicle identification number 1FMPU18LOXLA02357, eastbound on Interstate 70 approaching Ward Road.

8. On or about August 20, 2005, at approximately 5:42 p.m., Defendant William Slayton was operating a Freightliner semi tractor trailer, license plate number 2EU469, vehicle identification number 1FUPOSZB4DA97541, traveling eastbound on Interstate 70 directly behind the vehicle driven by Plaintiff Wanda Rizzuto.

9. On or about August 20, 2005, at approximately 5:42 p.m., the Freightliner semi tractor trailer, license plate number 2EU469, vehicle identification number 1FUPOSZB4DA97541, operated by Defendant William Slayton was owned by Defendant Liberty Truck and Trailer Leasing & Sales, LLC.

10. On or about the afore-mentioned time, date and place, Defendant William Slayton, operating the Freightliner semi tractor trailer, failed to recognize that traffic on Interstate 70 had slowed and crashed into the rear of the vehicle driven by Plaintiff Wanda Rizzuto.

11. Defendant William Slayton negligently and carelessly operated the Freightliner semi tractor trailer when he failed to recognize that traffic had slowed and collided with the vehicle operated by Plaintiff Wanda Rizzuto.

12. Defendant William Slayton's negligent actions were the proximate cause of the collision of the vehicles driven by Plaintiff Wanda Rizzuto and Defendant William Slayton on or about the time, date and place set forth above.

13. Plaintiff Wanda Rizzuto was not comparatively negligent in causing the collision between the Ford Expedition she was operating and the Freightliner semi tractor trailer driven by Defendant William Slayton on or about the time, date and place set forth above.

14. As a direct and proximate result of the Freightliner semi tractor trailer operated by Defendant William Slayton crashing into the rear of the 1999 Ford Expedition driven by Plaintiff Wanda Rizzuto on or about the aforementioned date and time, Plaintiff Wanda Rizzuto suffered damages.

15. At the time of the above-referenced collision, Defendant William Slayton was driving the Freightliner semi tractor trailer within the course and scope of his employment and/or agency with Defendant Liberty Truck and Trailer Leasing & Sales, LLC.

16. As a direct and proximate result of the Freightliner semi tractor trailer operated by Defendant William Slayton crashing into the rear of the 1999 Ford Expedition driven by Plaintiff Wanda Rizzuto on or about the aforementioned date and time, Plaintiff Wanda Rizzuto suffered bodily injury resulting in physical impairment.

17. As a direct and proximate result of the Freightliner semi tractor trailer operated by Defendant William Slayton crashing into the rear of the 1999 Ford Expedition driven by Plaintiff Wanda Rizzuto as set forth above, Plaintiff Wanda Rizzuto incurred and continues to incur economic losses and damages, including, but not limited to, medical and rehabilitation expenses, loss of earnings, and loss of earning capacity.

18. As a direct and proximate result of the Freightliner semi tractor trailer operated by Defendant William Slayton crashing into the rear of the 1999 Ford Expedition driven by Plaintiff Wanda Rizzuto as set forth above, Plaintiff Wanda Rizzuto suffered and continues to suffer non-economic damages, including, but not limited to, pain and suffering, inconvenience, emotional distress, loss of enjoyment of life and impairment of quality of life.

### FIRST CLAIM FOR RELIEF
### Negligence Resulting in Personal Injury - Defendant William Slayton

19. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 18 of this Complaint as if set forth *verbatim*.

20. Defendant William Slayton owed Plaintiff Wanda Rizzuto a duty to exercise reasonable care in the operation of the Freightliner semi tractor trailer he was driving along Interstate 70 on or about August 20, 2005, at approximately 5:42 p.m.

21. Defendant William Slayton breached his above-mentioned duty of care by operating the Freightliner semi tractor trailer as set forth above in a negligent and careless manner, without regard to all attendant circumstances.

22. As a direct and proximate result of Defendant William Slayton's breach of duty as set forth above, Plaintiff Wanda Rizzuto suffered bodily injury resulting in physical impairment.

23. As a direct and proximate result of Defendant William Slayton's breach of duty as set forth above, Plaintiff Wanda Rizzuto incurred and continues to incur economic losses and damages, including, but not limited to, medical and rehabilitation expenses, and loss of earnings.

24. As a direct and proximate result of Defendant William Slayton's breach of duty as set forth above, Plaintiff Wanda Rizzuto suffered and continues to suffer non-economic damages, including, but not limited to, pain and suffering, inconvenience, emotional distress, loss of enjoyment of life and impairment of quality of life.

## SECOND CLAIM FOR RELIEF
### Negligence *Per Se* - Defendant William Slayton

25. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 24 of this Complaint as if set forth *verbatim*.

26. When William Slayton operated the Freightliner semi tractor trailer in such a manner as to cause a collision with the vehicle driven by Plaintiff Wanda Rizzuto, Defendant William Slayton was in violation of Colorado statutes, including, but not limited to, C.R.S. § 42-4-1401, Reckless Driving, and C.R.S. § 42-4-1402, Careless Driving.

27. Plaintiff Wanda Rizzuto is a member of the class for whose protection the above-mentioned statutes were enacted.

28. The incident hereinabove described and the injuries and/or damages that Plaintiff Wanda Rizzuto suffered as a result of the collision are the kind of injuries and/or damages sought to be prevented by the passage of the above-mentioned statutes.

29. Defendant William Slayton's violations of the above-mentioned statutes were the direct and proximate cause of Plaintiff Wanda Rizzuto's injuries and damages.

30. As a direct and proximate result of Defendant William Slayton's violation of the above-mentioned statutes, Plaintiff Wanda Rizzuto incurred and will continue to incur economic

losses and damages, including, but not limited to, medical and rehabilitation expenses, and loss of earnings.

31. As a direct and proximate result of Defendant William Slayton's violations of the above-mentioned statutes, Plaintiff Wanda Rizzuto suffered and will continue to suffer non-economic damages, including, but not limited to, pain and suffering, inconvenience, emotional distress and impairment of quality of life.

32. As a direct and proximate result of Defendant William Slayton's violations of the above-mentioned statutes, Plaintiff Wanda Rizzuto suffered bodily injury resulting in physical impairment.

### THIRD CLAIM FOR RELIEF
### Vicarious Liability - Defendant Liberty Truck and Trailer Leasing & Sales, LLC, pursuant to the Doctrine of *Respondeat Superior*

33. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 32 of this Complaint as if set forth *verbatim*.

34. At the time, date and place of the aforementioned collision, Defendant William Slayton was an agent and/or employee of Defendant Liberty Truck and Trailer Leasing & Sales, LLC.

35. At the time, date and place of the aforementioned collision, Defendant William Slayton was acting within the course and scope of his employment and/or agency, and with the authority of Liberty Truck and Trailer Leasing & Sales, LLC.

36. The acts or omissions of Defendant Liberty Truck and Trailer Leasing & Sales, LLC's agent and/or employee at the time of the collision are, by law, deemed the acts or omissions of Defendant Liberty Truck and Trailer Leasing & Sales, LLC, pursuant to the doctrine of *Respondeat Superior*.

### FOURTH CLAIM FOR RELIEF
### Negligent Entrustment - Defendant Liberty Truck and Trailer Leasing & Sales, LLC

37. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 36 of this Complaint, as if set forth *verbatim*.

38. Defendant Liberty Truck and Trailer Leasing & Sales, LLC, permitted Defendant William Slayton to operate its Freightliner semi tractor trailer, which was under the control of Defendant Liberty Truck and Trailer Leasing & Sales, LLC, when it knew or should have known that Defendant William Slayton intended to, or was likely to, use the Freightliner semi tractor trailer in such a manner as to create an unreasonable risk of harm to others.

39. As a direct and proximate result of Defendant Liberty Truck and Trailer Leasing & Sales, LLC's negligent entrustment of its Freightliner semi tractor trailer to Defendant William

Slayton, Plaintiff Wanda Rizzuto incurred and will continue to incur economic expenses, losses and damages, including, but not limited to, medical expenses, and loss of earnings.

40. As a direct and proximate result of Defendant Liberty Truck and Trailer Leasing & Sales, LLC's negligent entrustment of its Freightliner semi tractor trailer to Defendant William Slayton, Plaintiff Wanda Rizzuto suffered and will continue to suffer non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress and impairment of quality of life.

41. As a direct and proximate result of Defendant Liberty Truck and Trailer Leasing & Sales, LLC's negligent entrustment of its Freightliner semi tractor trailer to Defendant William Slayton, Plaintiff Wanda Rizzuto suffered bodily injury resulting in physical impairment.

### FIFITH CLAIM FOR RELIEF
### Negligent Hiring, Training and Supervision - Defendant Liberty Truck and Trailer Leasing & Sales, LLC

42. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 41 of this Complaint as if set forth *verbatim*.

43. At all times material hereto, the employees of Defendant Liberty Truck and Trailer Leasing & Sales, LLC, served as agents of and for Defendant Liberty Truck and Trailer Leasing & Sales, LLC.

44. Defendant Liberty Truck and Trailer Leasing & Sales, LLC, owed Plaintiff Wanda Rizzuto a duty to exercise reasonable care in the hiring, supervision and training of its agents and/or employees, specifically Defendant William Slayton.

45. Defendant Liberty Truck and Trailer Leasing & Sales, LLC, breached its afore-mentioned duty by failing to exercise reasonable care in the hiring, supervision and/or training of its agents and/or employees, specifically Defendant William Slayton.

46. As a direct and proximate result of the above-mentioned breach of duty owed by Defendant Liberty Truck and Trailer Leasing & Sales, LLC, to Plaintiff Wanda Rizzuto to exercise reasonable care in the hiring, training and supervision of its agents and/or employees, Plaintiff Wanda Rizzuto incurred and will continue to incur economic expenses, losses and damages, including, but not limited to, medical expenses and loss of earnings.

47. As a direct and proximate result of the above-mentioned breach of duty owed by Defendant Liberty Truck and Trailer Leasing & Sales, LLC, to Plaintiff Wanda Rizzuto to exercise reasonable care in the hiring, training and supervision of its agents and/or employees, Plaintiff Wanda Rizzuto suffered and will continue to suffer non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress and impairment of quality of life.

48. As a direct and proximate result of the above-mentioned breach of duty owed by Defendant Liberty Truck and Trailer Leasing & Sales, LLC, to Plaintiff Wanda Rizzuto to exercise reasonable care in the hiring, training and supervision of its agents and/or employees, Plaintiff Wanda Rizzuto suffered bodily injury resulting in physical impairment.

## SIXTH CLAIM FOR RELIEF
### Vicarious Liability - Defendant Melton Truck Lines, Inc., pursuant to the Doctrine of *Respondeat Superior*

49. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 48 of this Complaint as if set forth *verbatim*.

50. At the time, date and place of the aforementioned incident, Defendant William Slayton was an agent and/or employee of Defendant Melton Truck Lines, Inc.

51. At the time, date and place of the aforementioned incident, Defendant William Slayton was acting within the course and scope of his employment and/or agency, and with the authority of Melton Truck Lines, Inc.

52. The acts or omissions of Defendant Melton Truck Lines, Inc.'s agent and/or employee at the time of the incident, are by law deemed the acts or omissions of Defendant Melton Truck Lines, Inc., pursuant to the doctrine of *Respondeat Superior*.

## SEVENTH CLAIM FOR RELIEF
### Negligent Entrustment - Defendant Melton Truck Lines, Inc.

53. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 52 of this Complaint, as if set forth *verbatim*.

54. Defendant Melton Truck Lines, Inc., permitted Defendant William Slayton to operate its Freightliner semi tractor trailer, which was under the control of Defendant Melton Truck Lines, Inc., when it knew or should have known that Defendant William Slayton intended to, or was likely to, use the Freightliner semi tractor trailer in such a manner as to create an unreasonable risk of harm to others.

55. As a direct and proximate result of Defendant Melton Truck Lines, Inc.'s negligent entrustment of its Freightliner semi tractor trailer to Defendant William Slayton, Plaintiff Wanda Rizzuto incurred and will continue to incur economic expenses, losses and damages, including, but not limited to, medical expenses, and loss of earnings.

56. As a direct and proximate result of Defendant Melton Truck Lines, Inc.'s negligent entrustment of its Freightliner semi tractor trailer to Defendant William Slayton, Plaintiff Wanda Rizzuto suffered and will continue to suffer non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress and impairment of quality of life.

57.  As a direct and proximate result of Defendant Melton Truck Lines, Inc.'s negligent entrustment of its Freightliner semi tractor trailer to Defendant William Slayton, Plaintiff Wanda Rizzuto suffered bodily injury resulting in physical impairment.

## EIGHTH CLAIM FOR RELIEF
### Negligent Hiring, Training and Supervision - Defendant Melton Truck Lines, Inc.

58.  Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 57 of this Complaint as if set forth *verbatim*.

59.  At all times material hereto, the employees of Defendant Melton Truck Lines, Inc., served as agents of and for Defendant Melton Truck Lines, Inc..

60.  Defendant Melton Truck Lines, Inc., owed Plaintiff Wanda Rizzuto a duty to exercise reasonable care in the hiring, supervision and training of its agents and/or employees, specifically Defendant William Slayton.

61.  Defendant Melton Truck Lines, Inc., breached its afore-mentioned duty by failing to exercise reasonable care in the hiring, supervision and/or training of its agents and/or employees, specifically Defendant William Slayton.

62.  As a direct and proximate result of the above-mentioned breach of duty owed by Defendant Melton Truck Lines, Inc., to Plaintiff Wanda Rizzuto to exercise reasonable care in the hiring, training and supervision of its agents and/or employees, Plaintiff Wanda Rizzuto incurred and will continue to incur economic expenses, losses and damages, including, but not limited to, medical expenses, and loss of earnings.

63.  As a direct and proximate result of the above-mentioned breach of duty owed by Defendant Melton Truck Lines, Inc., to Plaintiff Wanda Rizzuto to exercise reasonable care in the hiring, training and supervision of its agents and/or employees, Plaintiff Wanda Rizzuto suffered and will continue to suffer non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress and impairment of quality of life.

64.  As a direct and proximate result of the above-mentioned breach of duty owed by Defendant Melton Truck Lines, Inc., to Plaintiff Wanda Rizzuto to exercise reasonable care in the hiring, training and supervision of its agents and/or employees, Plaintiff Wanda Rizzuto suffered bodily injury resulting in physical impairment.

**WHEREFORE**, Plaintiff prays for judgment against Defendant in an amount to be determined at trial, pre and post-judgment interest, costs and expert witness fees, and for such other and further relief as the Court may deem proper.

Respectfully submitted this 13th day of August 2008.

The Law Office of Cornell Johnson, P.C.
*Attorneys for Plaintiff Wanda Rizzuto*

*/Signature of Cornell Johnson on file at*
<u>*The Law Office of Cornell Johnson, P.C.*/</u>
Cornell Johnson, Esq.

<u>Plaintiff's Address</u>
6037 Rogers Circle
Arvada, Colorado 80403

# EXHIBIT B

| | |
|---|---|
| DISTRICT COURT FOR THE 20th JUDICIAL DISTRICT<br>BOULDER COUNTY, STATE OF COLORADO<br><br>Court Address:  Boulder Justice Center<br>1777 6th Street<br>Boulder, Colorado 80302<br><br>Phone Number:  (303) 441-3750 | EFILED Document<br>CO Boulder County District Court 20th JD<br>Filing Date: Aug 13 2008 11:00AM MDT<br>Filing ID: 20589676<br>Review Clerk: Debra Crosser |
| Plaintiff: **WANDA RIZZUTO**<br><br>vs.<br><br>Defendants: **WILLIAM SLAYTON, LIBERTY TRUCK AND TRAILER LEASING & SALES, LLC, and MELTON TRUCK LINES, INC.** | ▲ Court Use Only ▲ |
| Cornell Johnson, Atty. Reg. No.: 34449<br>The Law Office of Cornell Johnson, P.C.<br>999 18th Street, Suite 3000 South<br>Denver, Colorado 80202<br>*Attorneys for Plaintiff*<br><br>Phone Number: (303) 226-5656<br>Fax Number:    (303) 856-3736<br>E-mail address:  cjohnson@denverslawyer.com | Case Number:<br><br><br>Division: |

**CIVIL CASE COVER SHEET**

      **COMES NOW** Plaintiff Wanda Rizzuto by and through her attorneys, The Law Office of Cornell Johnson, P.C., and states as follows:

      1.    Simplified Procedure under C.R.C.P. 16.1 **does not apply** to this case because Plaintiff is seeking a monetary judgment for more than $100,000.00 against the Defendants, including any attorney fees, penalties or punitive damages, but excluding interest and costs (see C.R.C.P. 16.1(c)).

      Respectfully submitted this 13th day of August 2008.

The Law Office of Cornell Johnson, P.C.
*Attorneys for Plaintiff Wanda Rizzuto*

*/Signature of Cornell Johnson on file at*
*The Law Office of Cornell Johnson, P.C./*
Cornell Johnson, Esq.